WILLIAM D. SHWARTZ, PLAINTIFF-RESPONDENT, v. SAP-
PHIRE STYLES, A NEW JERSEY CORPORATION, DE-
FENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 29, 1950—Decided June 23, 1950.

Before Judges McGEEHAN, COLIE and EASTWOOD.

*Mr. Hymen D. Goldberg* argued the cause for appellant.

The opinion of the court was delivered by

McGEEHAN, S. J. A. D.  The defendant appeals from an order entered in the Passaic County District Court which denied the defendant's motion to substitute Meyer Shwartz, trading as M. Shwartz of New Haven, Connecticut, as plaintiff in the place and stead of William D. Shwartz of Paterson, New Jersey.  The plaintiff filed no brief.

On March 19, 1948, William D. Shwartz of Paterson filed an amended state of demand seeking to recover $322.67 from the defendant.  It alleged that the defendant was indebted to Meyer Shwartz, trading as M. Shwartz of New Haven, Connecticut, for this amount on a book account, on contract, on *quantum meruit* and on account stated, and that Meyer Shwartz had assigned to the plaintiff, William D. Shwartz, all his right, title and interest in this claim against the defendant.  On May 25, 1948, the defendant served a notice of motion for an order substituting Meyer Shwartz, trading as M. Shwartz of New Haven, Connecticut, in the place and stead of William D. Shwartz of Paterson, New Jersey, "on the ground that Meyer Shwartz, trading as M. Shwartz, is the only person who has any right or title to the alleged claim set forth in the amended State of Demand or the right to sue thereon."  The motion was heard on July 13, 1948, and denied on August 24, 1948, but no entry of the denial of the motion was entered until January 10, 1950.

No authority is cited for the power of the court to substitute a plaintiff on the motion of a defendant. "There is no process known to the law by which one man can compel another to sue him." *39 Am. Jur., Parties,* § 93.

Even if such power existed, there was nothing of record before the court below to support such action. The amended state of demand pleaded an absolute assignment and the defendant concedes that the court lacked power to grant the motion if there was an absolute assignment. The defendant, on its motion, filed an affidavit in which it was stated: "Annexed hereto is a copy of said assignment as set forth in the Bill of Particulars furnished by the Plaintiff herein" and annexed to the affidavit was a writing entitled "Assignment." The defendant argues that the court below should have construed this writing and found that it was not an absolute assignment. Assuming that defendant had a right to demand a bill of particulars in this District Court action, without an order of the court (but see *State Board of Medical Examiners v. Levin,* 10 *N. J. Misc.* 321 (*Sup. Ct.* 1932)), neither the bill of particulars furnished, nor any allegation in an affidavit based upon an answer in the bill of particulars furnished, nor any writing said to be a copy of an answer in a bill of particulars furnished, is sufficient to justify a finding that the state of demand did not set forth a legal cause of action. *Barnes v. P. & D. Manufacturing Co., Inc.,* 117 *N. J. L.* 156 (*E. & A.* 1936).

The order is affirmed.